# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN WIRE GROUP, LLC<br><br>    Plaintiff,<br><br>  v.<br><br>WTEC HOLDINGS CORP. d/b/a WTEC ENERGY,<br><br>    Defendant. | Civil Action No. 1:23-cv-04678 |

## JOINT STATUS REPORT ON DISCOVERY

Plaintiff American Wire Group, LLC ("AWG") and Defendant Wind Turbines and Energy Cables Corporation ("WTEC"), by and through their undersigned attorneys, provide this Court with their Joint Status Report on Discovery in compliance with the Court's October 17, 2024 Minute Entry. (Dkt. 80).

 **I. Nature of the Case**

  **a. Counsel of Record**

   i. **Plaintiff AWG**

   Daniel A. Dorfman
   Fox, Swibel, Levin & Carroll, LLP
   200 W. Madison Street, Floor 30
   Chicago, Illinois 60606
   P: (312) 224-1246
   ddorfman@foxswibel.com

   Erik R. Nelson
   Fox, Swibel, Levin & Carroll, LLP
   200 W. Madison Street, Floor 30

    Chicago, Illinois 60606
    P: (312) 224-1205
    enelson@foxswibel.com

    Richard S. Wilson
    Fox, Swibel, Levin & Carroll, LLP
    200 W. Madison Street, Floor 30
    Chicago, Illinois 60606
    P: (312) 224-1237
    rwilson@foxswibel.com

  ii. **Defendant WTEC**

    Matthew Luzadder
    Kelley Drye & Warren LLP
    333 West Wacker Drive, 26th Floor
    Chicago, IL 60606
    P: (312) 857-7070
    mluzadder@kelleydrye.com

    Mark A. Konkel
    Kelley Drye & Warren LLP
    3 World Trade Center
    175 Greenwich Street
    New York, NY 10007
    P: (212) 808-7800
    mkonkel@kelleydrye.com
    *Admitted Pro Hac Vice*

    Benjamin Gillman
    3 World Trade Center
    175 Greenwich Street
    New York, NY 10007
    P: (212) 808-7800
    F: (212) 808-7897
    bgilman@kelleydrye.com
    *Admitted Pro Hac Vice*

    Alison Frimmel
    3 World Trade Center
    175 Greenwich Street
    New York, NY 10007
    P: (212) 808-7800
    F: (212) 808-7897
    afrimmel@kelleydrye.com
    *Admitted Pro Hac Vice*

b. **Claims**

This lawsuit involves AWG's demand for indemnification from WTEC under the Parties' Settlement Agreement, dated March 2, 2023 (the "Agreement"), which resolved a prior action between the Parties.[1] More specifically, AWG seeks indemnification from and against damages relating to WTEC-manufactured electrical cables supplied to Signal Energy, LLC ("Signal") at the Sunflower County Solar Project located in Ruleville, Mississippi (the "Sunflower Project"). The Agreement states, in part:

> 6. <u>Indemnity For Anticipated Sunflower Claim</u>. In the event Signal, or any other person or entity, asserts a claim against AWG regarding or relating to the Cables supplied to the Sunflower site (any such claim, a "Sunflower Claim"), AWG and WTEC will work together and cooperate in good faith to resolve any such claim. WTEC agrees to indemnify, defend, and hold harmless AWG, its past or present officers, directors, shareholders, employees, attorneys, sureties, divisions, affiliates, parent or subsidiary companies, assigns, or successors in interest from and against any claims, damages or losses actually incurred by Signal or any other person or entity relating to the provision, supply, installation, performance and/or replacement of the Cables at the Sunflower site, including reasonable attorney's fees, except to the extent such claims, damages and losses are attributable to the negligence or willful misconduct of the indemnified party. WTEC agrees to indemnify and hold harmless AWG for any and all costs, expenses, and/or credit(s) that AWG incurs to negotiate, resolve, and/or settle any Sunflower Claim. WTEC must respond to any demand from AWG for indemnity or defense pursuant to this provision within seven (7) calendar days of receiving AWG's demand.

AWG has asserted claims against WTEC for (i) declaratory judgment; (ii) breach of contract / express indemnity; (iii) breach of contract for purchase orders (in the alternative); (iv) breach of express warranty (in the alternative); (v) breach of the implied warranty of merchantability (in the alternative); and (vi) breach of implied warranty of fitness for a particular purpose (in the alternative). On May 16, 2024, AWG filed its Third Amended Complaint, which

---

[1] On January 14, 2022, AWG filed a complaint against WTEC, captioned *American Wires Group, LLC v. WTEC Holdings Corp. d/b/a WTEC Energy*, Case No. 1:22-cv-00253 (N.D. Ill.), asserting breach of contract, breach of warranty, and indemnity claims arising out of WTEC's sale of cables to AWG, which AWG alleged to be defective. WTEC denied AWG's claims. The Parties subsequently resolved the matter, entered into the Agreement, and on March 6, 2023, the action was dismissed with prejudice. (Dkt. 45).

added as Count VII a claim for tortious interference, in which AWG alleges that WTEC intentionally interfered with AWG's efforts to obtain contracts with Signal for Three Projects (Wolf Run, Ragsdale, and Wheatland). AWG will be filing a motion to voluntarily dismiss AWG's Count VII for tortious interference.

WTEC contests, *inter alia*, that it is obligated to indemnify AWG for the costs it seeks in this action, and contends that the damages for which AWG seeks indemnity are the result of AWG's own bad faith, negligence, or willful misconduct. WTEC also contends that Signal replaced cable without regard to whether cable was defective making it impossible to determine the extent of damages allegedly caused by WTEC.

## II. Discovery and Pending Motions

### a. Current Discovery Schedule

Fact discovery was scheduled to be completed by November 29, 2024. (Dkt. 80). Subject to any duty to supplement discovery where required under the federal and local rules, the parties completed fact discovery on the scheduled date.

### b. Discovery Conducted by the Parties

#### i. AWG

AWG issued and WTEC responded to the following written discovery:

- AWG's First Set of Interrogatories;
- AWG's First Set of Requests for Production;
- AWG's Second Set of Interrogatories;
- AWG's Second Set of Requests for Production; and
- AWG's First Set of Requests to Admit.

WTEC produced documents Bates labeled WTEC 00001 – WTEC 001895 in response to AWG's First and Second Sets of Requests for Production.

AWG completed the depositions of four representatives of WTEC: Sherrie Cho, Kevin Bate, Paul Ward and Brian Singh.

ii. **WTEC**

WTEC issued and AWG responded to the following written discovery:

- WTEC's First Set of Interrogatories;
- WTEC's First Set of Requests for Production;
- WTEC's First Set of Requests for Admission:
- WTEC's Second Set of Requests for Admission;
- WTEC's Second Set of Interrogatories;
- WTEC's Second Set of Requests for Production; and
- WTEC's Third Set of Requests for Admission.

AWG produced documents Bates labeled AWG2_00000001 – AWG2_00009440 in response to WTEC's First and Second Set of Requests for Production.

On or about August 16, 2024, WTEC issued a third-party subpoena for documents to Signal. Signal produced a small document production on or about September 16, 2024. WTEC produced Signal's production to AWG with Bates labels SIGNAL 0000001 – SIGNAL 0000112. WTEC issued a follow up letter based upon Signal's deposition testimony and the records produced on October 18, 2024, and in response, on November 8, 2024, Signal made a supplemental document production. WTEC produced Signal's supplemental document production to AWG with Bates labels SIGNAL 0000113 – SIGNAL 0002332.

On or about November 5, 2024, WTEC issued a third-party subpoena for documents to E Light Electric Services, Inc. ("E Light"). E Light produced documents in response to the subpoena on November 25, 2024. WTEC produced E Light's production to AWG with Bates labeled ELIGHT 0000001 – ELIGHT 0002693. Based upon its current review of that production, WTEC anticipates that it may require minor follow up on the subpoena request to E Light, in order to clarify certain materials already produced as part of its November 25, 2024 production. WTEC does not anticipate issuing any new requests.

5

WTEC completed the FRCP 30(b)(6) deposition of AWG (Joshua Dorfman), the FRCP 30(b)(6) deposition of Signal (Chad Dueker and Dan Erhard) and the deposition of Joshua Dorfman and Michael Dorfman of AWG.

On October 31, 2024, WTEC followed up by email regarding documents and information mentioned at AWG's deposition testimony, and on November 5, 2024, WTEC sent a longer letter with questions regarding AWG's privilege log and production. AWG provided additional information in response to the foregoing communications on November 14 and November 25, 2024.

WTEC anticipates issuing additional requests for admission to AWG for facts already established in discovery. Such requests for admission are permitted following the close of fact discovery. *See Kelly v. McGraw-Hill Cos., Inc.*, 279 F.R.D. 470, 472-73 (N.D. Ill. 2012). WTEC has not exceeded the limit of requests for admission as set by the Court's local rules.

    c. **Expert Disclosures and Discovery**

        i. **AWG**

AWG will not be disclosing an affirmative expert witness. AWG will disclose an expert solely to contradict or rebut evidence on the same subject matter as WTEC's expert discussed below. AWG proposes making WTEC's expert disclosure and written report due on January 10, 2025, and AWG's rebuttal expert disclosure and written report due on February 21, 2025. AWG requests the Court grant the parties until March 21, 2025 to complete expert depositions.

        ii. **WTEC**

WTEC is in the process of selecting an expert on the issues of damages and mitigation this matter. WTEC proposes making WTEC's expert disclosure and written report due within ninety (90) days, and AWG's rebuttal expert disclosure and written report be due forty-five (45)

6

days thereafter. WTEC requests the Court grant the parties an additional thirty (30) days after the exchange of expert reports to complete expert depositions, with a commensurate adjustment to the summary judgment briefing schedule proposed by AWG below. As noted below, WTEC believes that summary judgment briefing should not take place until all discovery, including expert discovery, is complete, since WTEC anticipates that its expert discovery will address, among other things, liability issues relevant to summary judgment.

### d. Anticipated Motions

#### i. **AWG**

AWG intends to file a motion for summary judgment on AWG's declaratory judgment and express indemnity claims, which are Counts I and II of AWG's Third Amended Complaint and are based on Paragraph 6 of the Agreement quoted on Page 3 above. AWG's position is that both liability and damages for those Counts can be decided on summary judgment and that briefing summary judgment concurrently with the limited expert disclosures and discovery is reasonable and would be most efficient.[2] AWG disagrees with WTEC's position on not scheduling briefing on summary judgment until after the conclusion of expert discovery and believes WTEC's position is solely for purposes of delay. AWG proposes the following briefing schedule:

- AWG's motion for partial summary judgment shall be filed by February 14, 2025;
- WTEC's response shall be filed within 35 days of AWG's motion; and
- AWG's reply shall be filed within 21 days of WTEC's response.

#### ii. **WTEC**

---

[2] AWG previously filed a Motion for Partial Summary Judgment (Dkt. 17) which the Court deemed premature prior to discovery and denied without prejudice (Dkt. 22).

WTEC anticipates filing a partial summary judgment motion following the close of discovery. In the event that the Court grants AWG's request for a briefing schedule prior to the close of expert discovery, WTEC would cross move for summary judgment based on the Court's schedule.

**III. Trial**

AWG has demanded a trial by jury. No trial date has yet been set. The parties will be ready for trial following the completion of discovery and briefing on AWG's and WTEC's summary judgment motions. The parties have not filed a pretrial order. The parties estimates that 5 days will be needed for trial.

    a. **AWG**

AWG proposes setting a trial date for June 2025.

    b.

WTEC proposes setting a trial date for September 2025, subject to the Court's other commitments.

**IV. Settlement, Referrals Consent**

The parties have recently discussed the possibility of settlement. AWG and WTEC are open to continued settlement discussions but do not request a settlement conference at this time.

Dated: December 3, 2024

| | |
|---|---|
| FOX SWIBEL LLP | KELLEY DRYE & WARREN LLP |
| By: */s/ Erik R. Nelson* | By: */s/ Mark A. Konkel* |
| Erik R. Nelson | Mark A. Konkel* |
| Daniel A. Dorfman | Benjamin Gilman* |
| Richard S. Wilson | Alison Frimmel* |
| Fox, Swibel, Levin & Carroll, LLP | 3 World Trade Center |
| 200 W. Madison Street, Floor 30 | 175 Greenwich Street |
| Chicago, Illinois 60606 | New York, NY 10007 |
| P: (312) 224-1200 | P: (212) 808-7800 |
| ddorfman@foxswibel.com | F: (212) 808-7897 |
| enelson@foxswibel.com | mkonkel@kelleydrye.com |
| rwilson@foxswibel.com | bgilman@kelleydrye.com |
| | *Admitted Pro Hac Vice* |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |