UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| American Wire Group, LLC<br><br>                           Plaintiff,<br><br>      v.<br><br>WTEC Holdings Corp. d/b/a WTEC Energy,<br><br>                           Defendant. | Case No. 1:23-cv-4678<br><br>Hon. Lindsay Jenkins |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CLARIFY**

Defendant Wind Turbine and Energy Cables Corp. ("WTEC" or "Defendant") respectfully submits this Opposition to Plaintiff's Motion to Clarify Sequencing and Burdens of Proof at Trial on Count II of AWG's Complaint (the "Motion").

**INTRODUCTION**

Styled as a motion to "clarify," Plaintiff American Wire Group, LLC ("AWG" or "Plaintiff") improperly asks this Court to revisit its November 7, 2025 Opinion and Order (Dkt. 122) (the "Order") denying AWG's summary judgment motion on AWG's breach of contract claim in Count II of AWG's Complaint. The Motion is an attempted end run around this Court's unmistakably clear summary judgment ruling, which has sent certain issues to trial that AWG now makes obvious it would prefer to avoid.

The gist of the Motion is as perplexing as it is inappropriate. This Court's summary judgment order on the breach of contract (indemnification clause) claim in this case was entirely uncontroversial and clear. (*see* Dkt. 122, pp. 6-10). In relevant part, the Order states that AWG's *performance obligation* under the explicit terms of the contract to work with WTEC and cooperate in good faith is a condition precedent to WTEC's indemnity obligation (*see* Dkt. 122, pp. 6-7);

that a jury could find that AWG had cooperated (that it had "not done nothing") or that it could "well find" that AWG had not fulfilled its performance obligation as a condition precedent (*see id.*); and that, obviously, the jury would have to determine that issue in this case at trial (*see Id.*).

While polite, AWG's argument is essentially that this Court does not understand its own Order. If it did, the core of AWG's argument goes, then by applying Illinois insurance law (not the actual contractual indemnity language this Court opined on), this Court has found that AWG's burden disappears from the case and WTEC must prove first that AWG failed to cooperate. Whatever the aim of the Motion, the request is improper and nonsensical and, if at all, these issues can be addressed by *motions in limine* prior to trial.

Thus, in the Motion, AWG attempts to circumvent the Court's unambiguous holdings and obtain a second bite at arguments *already* raised in opposition to summary judgment. (*See* Dkt. 109, p. 3). Contrary to the assertions in its Motion, **this Court *did not* hold that AWG already established its *prima facie* case for its breach of contract claim, *did not* find that AWG demonstrated its performance under the indemnity clause based on undisputed facts, and *did not* decide that insurance law governs Count II of AWG's Complaint.** It is difficult to imagine a good-faith argument to the contrary; indeed, AWG's argument is so inconsistent with the plain terms of the Order that at best it betrays a kind of academic disregard for the time and resources of this Court and WTEC. The Motion is moot and must be denied, with consideration of fees awarded to WTEC for being forced to respond. [1]

## ARGUMENT

---

[1] This is not the first time AWG has tried to relitigate or ignore a holding of this Court. In granting WTEC's motion to quash on February 1, 2024, the Court noted that AWG was "skirting awfully close to the line" by "seeking the core of the same information that I previously ruled you couldn't seek[.]" (Dkt. 43, Transcript of Proceedings – Telephonic Motion Before the Honorable Lindsay C. Jenkins, February 1, 2024, 13:3-11).

I. **Plaintiff's Motion to Clarify Must Be Denied Because AWG Has Not Established Its *Prima Facie* Breach of Contract Case**

Plaintiff's Motion is premised on a fundamental misreading of the Order, if not an effort to gaslight the Court and WTEC. Plaintiff asserts that this Court's Order determined WTEC "owes AWG an indemnity obligation and AWG stated and supported its *prima facie* claim for breach of that obligation." (Pl. Br., pp. 1,4). The Order says no such thing.

In fact, this Court said the opposite. To demonstrate its *prima facie* case, the Court stated: "American Wire must prove (1) the existence of a valid and enforceable contract; (2) ***performance by the plaintiff***; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff'- all based on the undisputed facts." (***emphasis added***). (Dkt. 122, p. 6). A mere two sentences after articulating this standard, the Court wrote that "unresolved questions of fact prevent the court from deciding (1) whether American Wire fulfilled its performance obligation to work with WTEC and cooperate in good faith[.]" (*Id*.). If this point was not clear enough, this Court went on to write that a "reasonable jury could well conclude from these events that, on balance, American Wire's actions do not amount to good faith cooperation. But, that remains an open question of fact." (*Id*. at 7). Like any reasonable reader, we understood that to mean that a question of fact exists as to whether Plaintiff has met its initial burden, and a jury must address fact questions. Remarkably against that background, AWG seeks to relieve the jury of that duty by asking this Court to substantially retool its Order and stack the trial against WTEC before it starts.

We also assume the Court is aware that it did nothing in the Order to otherwise relieve Plaintiff of the burden as it described—let alone ***establish actual liability in this case in AWG's favor***. Yet, this is exactly what AWG is telling this Court it did. Of course, the Order is unambiguous: questions of fact exist as to whether Plaintiff has established its *prima facie* case for its breach of contract claim, and more specifically, whether AWG performed under the indemnity

3

clause by working together and cooperating in good faith with WTEC. (*see* Dkt. 122, pp. 6-7). Plaintiff's forced reading of the Order in the Motion does not provide any basis for this Court to "clarify" that decision.

Viewed charitably, then, the Motion is asking this Court to reconsider that ruling. As Plaintiff offers no basis to do so, and for the reasons above alone, the Motion should be heartily denied.

## II. Plaintiff's Motion to Clarify Must Be Denied Because Insurance Law Does Not Govern Count II

AWG also contends that the Court's Order determined that "AWG's duty to cooperate … *should* be analyzed pursuant to Illinois insurance law," and that under those principles, WTEC bears the initial burden of establishing that AWG failed to cooperate and, thus, must present specific evidence to establish that AWG failed to cooperate. (Pl. Br. pp. 6-8) (*emphasis added*). AWG is once again trying to flip this Court's Order on its head and convince the Court that it did not mean what it wrote.

First, although this Court considered guidance from insurance cases in addressing the parties' summary-judgment arguments, the Court's Order analyzed the breach of contract claim in Count II of the Complaint under principles of contract law. The Court held that "good faith cooperation is itself an explicit term" of the indemnity clause and "ordinary principles of contract law apply to indemnification clauses[.]" (Dkt. 122, pg. 6).

Consequently, AWG must establish its *prima facie* case, and, if necessary, WTEC must establish any affirmative defenses under those principles of contract law. It is illogical for AWG to argue that because one aspect of the parties' contract, the express term to work together and cooperate in good faith, *could* be subject to the principles of insurance law, that Plaintiff's own basic burdens of proof regarding its *performance* completely dissipates. As such, the evidence that

AWG claims WTEC must establish for its affirmative defenses, to the extent necessary, does not require a reordering of the parties' respective burdens, and does not require WTEC to establish additional evidence that is not subject to the contractual language of the indemnity agreement.[2]

But all of this is obfuscation on AWG's part. The parties and the Court cited appropriate case law to understand the contract that controls AWG's claim. This Court found that AWG's contract claim required it to do something first—cooperate in good faith—before it could be legally entitled to recover against WTEC. This Court then found that a jury could draw reasonable conclusions in favor of either party on that issue and unambiguously sent it to trial. AWG is asking this Court to preclude WTEC from presenting evidence on that issue at trial. Suffice it to say that it is difficult to imagine a good-faith basis for AWG's Motion, and consequently the Motion should be denied with appropriate fees and costs awarded to WTEC.

---

[2] The same analysis applies to Plaintiff's argument concerning the implied covenant of good faith and fair dealing. The Court recognized that whether a party acting in good faith is generally a question for the trier of fact, particularly where the agreement does not impose objective standards to constrain a party's discretion. (Dkt. 122, p. 9). The Court further found that there was evidence in the record such that a jury to arrive at either conclusion. (*Id.*).

## **CONCLUSION**

For the foregoing reasons, WTEC respectfully requests the Court deny AWG's Motion in its entirety and grant such other and further relief as the Court deems just and appropriate.

Dated: February 4, 2026

Respectfully submitted,

KELLEY DRYE & WARREN LLP

By: /s/ *Mark A. Konkel*
    Mark A. Konkel, *pro hac vice*
    Alison Frimmel, *pro hac vice*
    Benjamin Gilman, *pro hac vice*
    3 World Trade Center
    175 Greenwich Street
    New York, NY 10007
    Tel: (212) 808-7800
    Fax: (212) 808-7897
    mkonkel@kelleydrye.com
    afrimmel@kelleydrye.com
    bgilman@kelleydrye.com
    *Attorneys for Defendant Wind Turbine and Energy Cables Corp.*

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, hereby certifies that on February 4, 2026 he caused the foregoing to be filed with the CM/ECF system of the United States District Court for the Northern District of Illinois, which will automatically serve all counsel of record.

                                                  /s/ *Mark A. Konkel*